GARY J. GOODSTEIN (SBN 166240)
BRUCE A. BERMAN (SBN 172512)
**GOODSTEIN & BERMAN LLP**
523 West Sixth Street, Suite 1228
Los Angeles, California 90014
Telephone: (213) 683-1908
Facsimile: (213) 683-4882

Attorneys for Defendant, Counter/Cross-Claimant Dimano Corp.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

SKETCHY STUDIOS, LLC, a Delaware Limited Liability Company

Plaintiff;

v.

FRAME RATES, INC., a Canadian Corporation, DIMANO CORP., a Delaware Corporation, and DIMANO HOLDINGS, INC., a Canadian Corporation, and DOES 1-3, inclusive,

Defendants.

---

DIMANO CORP., a Delaware Corporation,

Counter/Cross-claimant,

vs.

SKETCHY STUDIOS, LLC, a Delaware Limited Liability Company,

Counter-defendants,

and

CASE NO.: CV 15-04212 DSF (AGRx) Consolidated with CV15-2023 DSF (AGRx)

***[Assigned for All Purposes to The Honorable Dale S. Fischer]***

**COUNTER/CROSS-DEFENDANT DIMANO CORP.'S NOTICE OF MOTION AND MOTION TO DISQUALIFY GERARD FOX LAW, P.C. FROM REPRESENTING BOTH BRIAN RAUSCH AND HOUSE OF MOVES IN THIS LITIGATION; MEMORANDUM OF POINTS AND AUTHORITIES;**

[Served and filed concurrently with Declaration of Bruce A. Berman In Support of Notice of Motion and Motion to Disqualify and Exhibits to Declaration of Bruce A. Berman]

Courtroom: 840 Roybal
Hearing Date: October 3, 2016
Hearing Time: 1:30p.m.

1

**DIMANO CORP.'S NOTICE OF MOTION AND MOTION TO DISQUALIFY GERARD FOX LAW, P.C. FROM REPRESENTING BOTH BRIAN RAUSCH AND HOUSE OF MOVES IN THIS LITIGATION**

Goodstein & Berman LLP
523 W. 6th St., Suite 1228
Los Angeles, CA 90014
Telephone: (213) 683-1908

BRIAN RAUSCH, an individual, and HOUSE OF MOVES, INC., a California Corporation,

Cross-defendants.

---

BRIAN RAUSCH,

Plaintiff,

v.

MALCOLM BLAIR, NOLAN MCDONALD, et al.,

Defendants.

2

DIMANO CORP.'S NOTICE OF MOTION AND MOTION TO DISQUALIFY GERARD FOX LAW, P.C. FROM REPRESENTING BOTH BRIAN RAUSCH AND HOUSE OF MOVES IN THIS LITIGATION

Goodstein & Berman LLP
523 W. 6th St., Suite 1228
Los Angeles, CA 90014
Telephone: (213) 683-1908

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that on October 3, 2016 at 1:30 p.m. or as soon thereafter as the matter may be heard in the above entitled court, located at 312 North Spring Street, Los Angeles, CA 90012, Courtroom 840, Counter/Cross-claimant Dimano Corp. ("Dimano") will and hereby does move this Court for an order disqualifying Gerard Fox Law, P.C., from representing both Cross-defendant Brian Rausch ("Rausch") and nominal Cross-defendant House of Moves ("HOM") in the above-captioned matter.

This motion is made pursuant to California Rules of Professional Conduct 3-310 and 3-600 and applicable Federal and California law, which preclude dual representation of a corporation and a director of that corporation in a derivative action.

This motion is and will be based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the declaration of Bruce A. Berman, as well as all pleadings and papers on file herein, and all other such evidence or argument as may be submitted to the Court at or prior to the hearing.

On July 13, 2016, counsel for Dimano met and conferred telephonically with counsel for Rausch and HOM pursuant to Local Rule 7-3 and requested that they voluntarily withdraw from representing HOM. On July 18, 2016, Counsel for HOM refused that request. Declaration of Bruce A. Berman, ¶2.

DATED: August 23, 2016

GOODSTEIN & BERMAN LLP

By:_________/s/________________
GARY J. GOODSTEIN
BRUCE A. BERMAN
Attorneys for Dimano Corp.

3

Goodstein & Berman LLP
523 W. 6th St., Suite 1228
Los Angeles, CA 90014
Telephone: (213) 683-1908

DIMANO CORP.'S NOTICE OF MOTION AND MOTION TO DISQUALIFY GERARD FOX LAW, P.C. FROM REPRESENTING BOTH BRIAN RAUSCH AND HOUSE OF MOVES IN THIS LITIGATION

TABLE OF CONTENTS

I. **INTRODUCTION: BECAUSE RAUSCH AND HOM ARE ADVERSE PARTIES WITH RESPECT TO THE DERIVATIVE CLAIM IN DIMANO'S FIRST AMENDED COUNTERCLAIMS, THE FOX LAW FIRM MUST BE PRECLUDED FROM SIMULTANEOUSLY REPRESENTING THEM BOTH ..........3**

II. **BRIEF STATEMENT OF RELEVANT FACTS AND ALLEGATIONS ..........4**

A. HOM, under Rausch's Direction, Refuses to Provide Dimano with Access to HOM's Books and Records, in Contravention of California Law ..........4

B. Dimano Files a Derivative Claim Against Rausch on Behalf of HOM ..........5

III. **LEGAL ARGUMENT ..........5**

A. This Court Has Authority to Disqualify Fox Law from Representing HOM in its Derivative Action Against Rausch ..........5

B. Rausch and HOM are Adverse Parties in this Litigation ..........6

C. The California Rules of Professional Conduct Preclude the Concurrent Representation of Clients with an Actual Conflict ..........7

D. Rausch Cannot Consent to the Dual Representation on HOM's behalf ..........10

E. Given that Rausch and HOM are Adverse Parties in this Litigation, HOM Should Be Precluded from Defending the Derivative Claims on the Merits ..........11

IV. **CONCLUSION ..........12**

GOODSTEIN & BERMAN LLP
523 West Sixth Street, Suite 1228
Los Angeles, California 90014
Telephone: (213) 683-1908

2147.001 1

DIMANO CORP.'S NOTICE OF MOTION AND MOTION TO DISQUALIFY GERARD FOX LAW, P.C. FROM REPRESENTING BOTH BRIAN RAUSCH AND HOUSE OF MOVES IN THIS LITIGATION

TABLE OF AUTHORITIES

*Blue Water Sunset, LLC v. Markowitz*, (2011) 192 Cal.App.4th 477 .......... 10

*Flatt v. Superior Court*, (1994) 9 Cal.4th 275 (*Flatt*) .......... 9

*Forest v. Baeza*, (1997) 58 Cal.App.4th 65 .......... 9, 10, 11, 12

*Gong v. RFG Oil, Inc.*, (2008) 166 Cal.App.4th 209 (*Gong*) .......... 9

*La Jolla Cove Motel & Hotel Apartments, Inc. v. Sup. Ct.* (2004), 121 Cal.App.4th 773 (*La Jolla Cove*) .......... 9, 10, 13

*M'Guiness v. Johnson*, (2015) 243 Cal.App.4th 602 .......... 9

*Natomas Gardens Investment Group, LLC v. Sinadinos*, 2009 WL 3055213 (C.D. Cal. Sept. 14, 2009) .......... 8

*Oil Change Sys., Inc.*, (1999) 20 Cal.4th 1135 .......... 9

*Ontiveros v. Constable*, (2016) 245 Cal.App.4th 686 .......... 8, 9, 10, 11

*Patrick v. Alacer Corp.*, (2008) 167 Cal.App.4th 995 .......... 8, 13

*People v. SpeeDee Oil Change Systems, Inc.*, (1999) 20 Cal.App.4th 1135 .......... 7

*Sobba v. Elmen*, 462 F. Supp.2d 944 (E.D. Ark.2006) .......... 13

*United States v. Wunsch*, 84 F.3d 1110 (9th Cir. 1996) .......... 7

*Visa U.S.A., Inc. v. First Data Corp.*, 241 F. Supp.2d 1100 (N.D. Cal.2003) .......... 7

Statutes

California Corporations Code §§ 1600 .......... 6

Rules

California Rules of Professional Conduct 3-310 and 3-600 .......... 3, 4, 6, 7

GOODSTEIN & BERMAN LLP
523 West sixth Street, Suite 1228
Los Angeles, California 90014
Telephone: (213) 683-1908

2147.001
2
DIMANO CORP.'S NOTICE OF MOTION AND MOTION TO DISQUALIFY GERARD FOX LAW, P.C. FROM REPRESENTING BOTH BRIAN RAUSCH AND HOUSE OF MOVES IN THIS LITIGATION

GOODSTEIN & BERMAN LLP
523 West sixth Street, Suite 1228
Los Angeles, California 90014
Telephone: (213) 683-1908

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION: BECAUSE RAUSCH AND HOM ARE ADVERSE PARTIES WITH RESPECT TO THE DERIVATIVE CLAIM IN DIMANO'S FIRST AMENDED COUNTERCLAIMS, THE FOX LAW FIRM MUST BE PRECLUDED FROM SIMULTANEOUSLY REPRESENTING THEM BOTH

On May 10, 2016, Cross-claimant Dimano Corp. ("Dimano") filed its First Amended Counterclaims and Crossclaims (Dkt. No. 82) (the "Counterclaims") in the above-captioned action. The Counterclaims were verified by Dimano. The first claim for relief in the Counterclaims is a derivative claim for breach of fiduciary duty brought on behalf of nominal Cross-defendant House of Moves ("HOM") against Cross-defendant Brian Rausch ("Rausch").

In violation of California Rule of Professional Conduct 3-310, which forbids concurrent representation in cases where the interests of the represented parties actually or potentially conflict, both Rausch and HOM are represented in this litigation by Gerard Fox Law P.C. ("Fox Law"). After the Court rejected Rausch's attempt to have the derivative claim dismissed, Dimano requested Fox Law voluntarily to withdraw from representing HOM. Fox Law refused, forcing Dimano to bring this Motion to Disqualify (the "Motion").

It is beyond dispute that Fox Law is purporting to represent adverse parties in this litigation. HOM, as the nominal defendant in the derivative claim, has alleged that Rausch, the actual cross-defendant in that claim, breached his fiduciary duties to HOM by causing HOM to fail and refuse to comply with Dimano's lawful demand to inspect HOM's books and records. Because the interests of Rausch, in defending himself against HOM's allegations of breach and self-dealing, are clearly in conflict with HOM's interests, Fox Law's concurrent representation violates the Rules of

Professional Conduct and Fox Law must be disqualified from representing HOM in this litigation.

## II. BRIEF STATEMENT OF RELEVANT FACTS AND ALLEGATIONS[1]

### A. HOM, under Rausch's Direction, Refuses to Provide Dimano with Access to HOM's Books and Records, in Contravention of California Law

As the Court is by now quite familiar, this action involves a dispute over the ownership of House of Moves, Inc. ("HOM"). Plaintiff Sketchy Studios, Inc. contends that Dimano did not become the owner of HOM despite that on October 15, 2014, Sketchy assigned to Dimano its right to purchase HOM from the seller and Dimano paid $500,000 cash to become HOM's sole owner. Sketchy's sole shareholder, Rausch, remained in physical control of HOM's business and assets both before and after Dimano acquired HOM, and by March 2015, Rausch—to advance his contention that Sketchy, and not Dimano, was HOM's sole shareholder—caused HOM to deny Dimano's rights as shareholder of HOM.

On July 10, 2015, Dimano made a formal demand under California Corporations Code §§ 1600, *et seq*., to inspect HOM's books and records ("Demand"). (FA X-C ¶ 31.) Berman Decl., ¶ 4, Exhibit A. The Demand was served directly upon HOM through its then agent for service of process. *Id*. HOM, under Rausch's direction, refused to allow inspection. (FA X-C ¶ 31.) Berman Decl., ¶5, Exhibit B. The only reason given for HOM's refusal to allow Dimano to

[1] As the Court is already familiar with the underlying allegations in this litigation, Dimano will focus on the facts and allegations that are directly relevant to this Motion to Disqualify – the facts and allegations that demonstrate that HOM and Rausch are actually and potentially adverse parties, at lease with respect to the derivative claims in Dimano's First Amended Cross-Complaint.

2147.001 4

DIMANO CORP.'S NOTICE OF MOTION AND MOTION TO DISQUALIFY GERARD FOX LAW, P.C. FROM REPRESENTING BOTH BRIAN RAUSCH AND HOUSE OF MOVES IN THIS LITIGATION

GOODSTEIN & BERMAN LLP
523 West Sixth Street, Suite 1228
Los Angeles, California 90014
Telephone: (213) 683-1908

GOODSTEIN & BERMAN LLP
523 WEST SIXTH STREET, SUITE 1228
LOS ANGELES, CALIFORNIA 90014
TELEPHONE: (213) 683-1908

inspect HOM's books and records was its assertion that Dimano was not a stockholder of HOM because HOM's stock was never properly transferred to Dimano. (FA X-C ¶¶ 32, 35; Berman Decl., ¶5, Exhibit B.)

**B. <u>Dimano Files a Derivative Claim Against Rausch on behalf of HOM</u>**

Dimano filed the verified Counterclaims on May 10, 2016. (Docket No. 82). The First Claim for Relief in the Counterclaims is a derivative claim by Dimano on behalf of HOM for breach of fiduciary duty against Rausch. *See* Counterclaims, pp. 8-9. That Claim for Relief is based on the fact that Rausch, acting as CEO of HOM, denied Dimano's request that HOM provide Dimano, the sole shareholder of HOM, with copies of HOM's books and records. *See* Counterclaims, ¶¶33-40.

## III. <u>LEGAL ARGUMENT</u>

### A. <u>This Court Has Authority to Disqualify Fox Law from Representing HOM in its Derivative Action Against Rausch</u>

The Central District of California has adopted the Rules of Professional Conduct of the State Bar of California. (*See* C.D. Cal. Local Rule L.R. 83-3.1.2).

California Rule of Professional Conduct 3-310 provides, in relevant part:

> "A member shall not, without the informed written consent of each client:
>
> (1) Accept representation of more than one client in a matter in which the interests of the clients potentially conflict; or
>
> (2) Accept or continue representation of more than one client in a matter in which the interests of the clients actually conflict; or
>
> (3) Represent a client in a matter and at the same time in a separate matter accept as a client a person or entity whose interest in the first matter is adverse to the client in the first matter."

2147.001 5

DIMANO CORP.'S NOTICE OF MOTION AND MOTION TO DISQUALIFY GERARD FOX LAW, P.C. FROM REPRESENTING BOTH BRIAN RAUSCH AND HOUSE OF MOVES IN THIS LITIGATION

GOODSTEIN & BERMAN LLP
523 WEST SIXTH STREET, SUITE 1228
LOS ANGELES, CALIFORNIA 90014
TELEPHONE: (213) 683-1908

Cal. R. Prof'l Conduct 3-310 (C). As set forth more fully below, the Counterclaims present an actual, existing conflict between HOM and Rausch that is non-waivable. However, even if that conflict was waivable, Rausch cannot consent on behalf of HOM to the Fox Firm's dual representation, because *he is the individual who is alleged to be adverse*:

> "A member representing an organization may also represent any of its directors, officers, employees, members, shareholders, or other constituents, *subject to the provisions of rule 3-310*. If the organization's consent to the dual representation is required by rule 3-310, the consent shall be given by an appropriate constituent of the organization *other than the individual or constituent who is to be represented*, or by the shareholder(s) or organization members."

Cal. R. Prof'l Conduct 3-600 (E) (emphasis added). If an attorney takes on a dual representation in violation of the Rules of Professional Conduct, the Court has authority to disqualify that attorney from representing the adverse parties. *See Visa U.S.A., Inc. v. First Data Corp*., 241 F. Supp.2d 1100, 1103 (N.D. Cal.2003) ("The right to disqualify counsel is within the discretion of the trial court as an exercise of its inherent powers."); *United States v. Wunsch*, 84 F.3d 1110, 1114 (9th Cir. 1996) ("The district court is permitted to resolve disputed factual issues in deciding a motion for disqualification and must make findings supported by substantial evidence."); *People v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.App.4th 1135, 1145 ("A trial court's authority to disqualify an attorney derives from the power inherent in every court.").

### B. Rausch and HOM are Adverse Parties in this Litigation

While the corporation in a derivative lawsuit is named as a nominal "defendant," it is considered to be a plaintiff, while the director or officer against whom relief is being sought is treated as the defendant:

> In a derivative suit, a minority shareholder in a corporation can bring claims on behalf of the corporation. Typically, the action is an extraordinary measure brought against corporate officers and directors who refuse to acknowledge any breach of fiduciary duty or mismanagement of funds, often because of their own involvement in

2147.001 6

DIMANO CORP.'S NOTICE OF MOTION AND MOTION TO DISQUALIFY GERARD FOX LAW, P.C. FROM REPRESENTING BOTH BRIAN RAUSCH AND HOUSE OF MOVES IN THIS LITIGATION

> the wrongdoing. Due to the circumstances, [the corporation] is also a defendant in this action. It is only a 'nominal defendant,' however, because any relief that the plaintiff obtains from the defendant officers and directors accrues to the benefit of the corporation, making it the real party in interest. Thus, it has been said, the corporation in a derivative action is in the anomalous position of being both a plaintiff and a defendant.

*Natomas Gardens Investment Group, LLC v. Sinadinos*, 2009 WL 3055213 at *6 (C.D. Cal. Sept. 14, 2009) (disqualifying law firm from representing corporation and individual defendants in a derivative lawsuit); *see also Ontiveros v. Constable* (2016) 245 Cal.App.4th 686, 696 ("Although [Plaintiff's] complaint nominally named [corporation] as a defendant, [corporation] 'is the real plaintiff' on those claims against the [majority shareholders]."); *Patrick v. Alacer Corp*. (2008) 167 Cal.App.4th 995, 1004 ("Though the corporation is essentially a plaintiff in a derivative action, '[w]hen a derivative suit is brought to litigate the rights of the corporation . . . must be joined as a nominal defendant.").

Here, Dimano filed a derivative claim on behalf of HOM against Rausch, alleging breaches of his fiduciary duties to HOM. Sketchy and Rausch tried unsuccessfully to have that claim dismissed. Accordingly, there is an actual conflict between HOM and Rausch alleged in the Counterclaims and HOM and Rausch are clearly adverse parties in this litigation and, as set forth below, dual representation is precluded.

### C. <u>The California Rules of Professional Conduct Preclude the Concurrent Representation of Clients with an Actual Conflict</u>

Courts analyzing Rule of Professional Conduct 3-310 have consistently noted that in the case of concurrent representation involving an actual conflict, there is a virtual *per se* rule in favor of disqualification.

> "In evaluating alleged conflicts, a court first looks to whether the challenged representation is concurrent or successive. (See *Gong v. RFG Oil, Inc*. (2008) 166 Cal.App.4th 209, 214 (*Gong*).) The 'primary value' at issue in concurrent 'or dual representation is the attorney's duty – and the client's legitimate expectation – of loyalty . . . .' (*Flatt v. Superior Court* (1994) 9 Cal.4th 275, 284 (*Flatt*).) 'The

2147.001 7

DIMANO CORP.'S NOTICE OF MOTION AND MOTION TO DISQUALIFY GERARD FOX LAW, P.C. FROM REPRESENTING BOTH BRIAN RAUSCH AND HOUSE OF MOVES IN THIS LITIGATION

GOODSTEIN & BERMAN LLP
523 West Sixth Street, Suite 1228
Los Angeles, California 90014
Telephone: (213) 683-1908

> most egregious conflict of interest is representation of clients whose interests are directly adverse in the same litigation. [Citation.] Such patently improper dual representation suggests to the clients – and to the public at large – that the attorney is completely indifferent to the duty of loyalty and the duty to preserve confidences. However, the attorney's actual intention and motives are immaterial, and the rule of automatic disqualification applies.' (*SpeeDee [Oil Change Sys., Inc*. (1999) 20 Cal.4th 1135], supra, 20 Cal.4th at p. 1147; *see Flatt, supra*, 9 Cal.4th at p. 284 ["in all but a few instances, the rule of disqualification in simultaneous representation cases is a per se or 'automatic' one"].)

*Ontiveros v. Constable* (2016) 245 Cal.App.4th 686, 695; *see also People ex rel. Dep't of Corps. v. SpeeDee Oil Change Sys., Inc*. (1999) 20 Cal.4th 1135, 1147 ("Therefore, if an attorney – or more likely a law firm – simultaneously represents clients who have conflicting interests, a more stringent per se rule of disqualification applies. With few exceptions, disqualification follows automatically, regardless of whether the simultaneous representations have anything in common or present any risk that confidences obtained in one matter would be used in the other. [Citations.] **The most egregious conflict of interest is representation of clients whose interests are directly adverse in the same litigation**.") (emphasis added); *M'Guiness v. Johnson* (2015) 243 Cal.App.4th 602, 625 ("There is [generally] a per se rule requiring disqualification of an attorney or a law firm when there is a conflict of interest based upon concurrent representation of multiple clients.").

In the context of a derivative suit, the rule is particularly clear that dual representation is not permitted, especially when the claims sound in fraud:

> "Current case law clearly forbids dual representation of a corporation and directors in a shareholder derivative suit, at least where, as here, the directors are alleged to have committed fraud."

*Forest v. Baeza* (1997) 58 Cal.App.4th 65, 74; *see also La Jolla Cove Motel & Hotel Apartments, Inc. v. Sup. Ct.* (2004) 121 Cal.App.4th 773, 785-786 (*La Jolla Cove*) "[W]here a shareholder has filed an action questioning [the corporation's] management or the actions of individual officers or directors . . . corporate counsel cannot represent both the corporation and the officers, directors or shareholders with

2147.001 8

DIMANO CORP.'S NOTICE OF MOTION AND MOTION TO DISQUALIFY GERARD FOX LAW, P.C. FROM REPRESENTING BOTH BRIAN RAUSCH AND HOUSE OF MOVES IN THIS LITIGATION

GOODSTEIN & BERMAN LLP
523 West Sixth Street, Suite 1228
Los Angeles, California 90014
Telephone: (213) 683-1908

GOODSTEIN & BERMAN LLP
523 West sixth Street, Suite 1228
Los Angeles, California 90014
Telephone: (213) 683-1908

which the corporation has a conflict of interest.").

*Ontiveros* is instructive. Guadalupe Ontiveros ("Ontiveros"), as the minority shareholder in Omega Electric, Inc. (Omega), sued majority shareholder Kent Constable, his wife Karen Constable (collectively, the "Constables"), and Omega, asserting direct and derivative claims arising from a dispute over management of Omega and its assets. *Id*. at 689. Karen Moskowitz and Thomas Regele (together, "Counsel") represented all the defendants in the litigation. Ontiveros moved to disqualify Counsel on the basis they could not simultaneously represent all the defendants because his derivative claims against Omega rendered Omega and the Constables adverse to each other. The trial court granted Ontiveros's motion and disqualified Counsel from representing any of the defendants. *Id*. The Constables appealed.

On review, the Court of Appeal affirmed the order disqualifying Counsel from representing Omega, but reversed as to the Constables. In considering the disqualification of Counsel from representing Omega, the Court noted that disqualification was appropriate because the interests of Omega and the Constables' were "clearly adverse"

> "Although Ontiveros's complaint nominally named Omega as a defendant, Omega 'is the real plaintiff' on those claims against the Constables. Current case law clearly forbids dual representation of a corporation and directors in a shareholder derivative suit, at least where, as here, the directors are alleged to have committed fraud."

*Id*. at 696 (internal citations omitted). The Court then rejected Defendants' argument that the Constables consented to any conflicts on their own behalf and that Kent, as the majority shareholder, had consented on behalf of Omega. Citing *Forest*, supra, 58 Cal.App.4th at 68, 72, and *Blue Water Sunset, LLC v. Markowitz* (2011) 192 Cal.App.4th 477, 486, the Court concluded that "because Ontiveros's derivative claims render the Constables' and Omega's interests adverse, Kent's attempt to consent to Counsel's concurrent representation of Omega over

2147.001 9
DIMANO CORP.'S NOTICE OF MOTION AND MOTION TO DISQUALIFY GERARD FOX LAW, P.C. FROM REPRESENTING BOTH BRIAN RAUSCH AND HOUSE OF MOVES IN THIS LITIGATION

Ontiveros's objection was ineffective." *Id*. at 698.

**D. Rausch Cannot Consent to the Dual Representation on HOM's Behalf**

As set forth above, the actual, concurrent conflict between HOM and Rausch is non-waivable and requires disqualification of the fox Firm. However, even if the court were to find that the conflict was waivable, Rausch, who controls HOM, cannot consent to the dual representation.

In *Forest v. Baeze*, (1997) 58 Cal.App.4th 65, the court was faced with a situation in which an attorney was simultaneously representing two closely held corporations and two of the three shareholders (and directors) of those corporations. *Id*. at 68-69. The court held that the attorney could not continue representing the shareholders/directors and the corporation:

> "[T]he shareholders could not consent to the concurrent representation on behalf of the corporation in their capacity as directors of the corporation. In the circumstances here, where the only shareholders of the corporation are also directors involved in the controversy, to allow the shareholders to consent on behalf of the corporation would render rule 3-600 meaningless."

*Id. at* 76; *see also Ontiveros*, *supra*, 245 Cal.App.4th at p. 698. With respect to the instant dispute, where the Fox Firm seeks to represent both Rausch and HOM, Rausch has even less standing to consent to dual representation on behalf of HOM. Here, unlike the shareholder/directors in *Forrest*, Rausch is *not* a shareholder of HOM, but merely claims to be its chief executive officer. Corp. owns 100% of the stock. As such, even if the Fox Firm sought HOM's consent to waive the conflict (which Petitioners contend is unwaivable), Rausch cannot provide that consent on behalf of HOM because he is "the individual or constituent who is to be represented." *See* Rule 3-600(E).

The same result is required to the extent Rausch purports to have obtained HOM's waiver of the conflict through an employee of HOM who is not a director

GOODSTEIN & BERMAN LLP
523 West Sixth Street, Suite 1228
Los Angeles, California 90014
Telephone: (213) 683-1908

2147.001 10
DIMANO CORP.'S NOTICE OF MOTION AND MOTION TO DISQUALIFY GERARD FOX LAW, P.C. FROM REPRESENTING BOTH BRIAN RAUSCH AND HOUSE OF MOVES IN THIS LITIGATION

or shareholder of the corporation and who is Rausch's subordinate. This is both because a mere employee does not have the authority to undertake corporate action of this nature ("[T]he corporation must consent through its directors…" *Forrest supra,* 58 Cal.App.4th at 77), and because as a practical matter, the Court can be no more assured of the credibility or validity of the waiver as representing the independent, informed judgment of the corporation than if the waiver was given by Rausch himself. "'But it would be meaningless in derivative litigation to allow the consent of the parties defendant to exculpate the practice of dual representation, for most often it would be the defendant directors and officers who would force the corporation's consent.'" (Comment, *Independent Representation for Corporate Defendants in Derivative Suits* (1965) 74 Yale Law Journal 524, 528.)]" *Forrest, supra,* 58 Cal.App.4th at 77. HOM cannot waive the conflict.

**E. Given that Rausch and HOM are Adverse Parties in this Litigation, HOM Should Be Precluded from Defending the Derivative Claims on the Merits**

In spite of the fact that HOM and Rausch are adverse in this litigation, and in spite of the fact that Rausch caused HOM to incur tens of thousands of dollars in unnecessary legal fees as a result of Rausch's refusal to provide Dimano with HOM's corporate documents, if the Fox Firm is allowed to represent both Rausch and HOM, the corporation will be forced into the anomalous, and improper, position of essentially having to defend Rausch on the merits of the derivative claim, which Courts have found to be improper:

> "[T]he general rule for corporate participation in a derivative action is that '[u]nless the derivative action threatens rather than advances corporate interests, [the corporation] cannot participate in the defense on the merits.' " (*Id.* at p. 947 [predicting Arkansas law].) "Because the claims asserted and the relief sought in [the derivative] complaint would, if proven, advance rather than threaten the interests of the nominal defendants, the nominal defendants must remain neutral in

GOODSTEIN & BERMAN LLP
523 West sixth Street, Suite 1228
Los Angeles, California 90014
Telephone: (213) 683-1908

GOODSTEIN & BERMAN LLP
523 West sixth Street, Suite 1228
Los Angeles, California 90014
Telephone: (213) 683-1908

> this action." (*Id.* at p. 949.)
>
> The *Sobba* court noted a practical and ethical reason why corporations should not defend derivative suits on the merits. "Allowing the nominal [corporate] defendants to defend on the merits in effect would allow [the individual defendant] to shift the cost of his defense of the derivative suit to the corporations against which he has allegedly committed tortious conduct.... [The individual defendant's] using his control of the nominal defendants to get them to defend on the merits would shift the cost of his defense to the corporations even if [the shareholder plaintiff's] claims are proven."

*Patrick v. Alacer Corporation* (2009) 167 Cal.App.4th 995, 1007 (citing *Sobba v. Elmen*, 462 F. Supp.2d 944, 947-950 (E.D. Ark.2006)). Accordingly, HOM cannot defend Rausch as to the substantive allegations in the derivative claim, and, to the extent Rausch has "shifted the cost of his defense" to HOM, he must be precluded from so doing.

## IV. CONCLUSION

Rausch and HOM are adverse parties in this action, at least with respect to the derivative claims brought by Dimano on HOM's behalf. Accordingly, as a matter of clear California law, Fox Law must be disqualified from representing HOM and HOM must be precluded from substantively defending against those claims and from paying for Rausch's defense.

DATED: August 23, 2016

GOODSTEIN & BERMAN LLP

By:__________/S/______________
GARY J. GOODSTEIN
BRUCE A. BERMAN
Attorneys for Dimano Corp.

2147.001

12

DIMANO CORP.'S NOTICE OF MOTION AND MOTION TO DISQUALIFY GERARD FOX LAW, P.C. FROM REPRESENTING BOTH BRIAN RAUSCH AND HOUSE OF MOVES IN THIS LITIGATION

GOODSTEIN & BERMAN LLP
523 WEST SIXTH STREET, SUITE 1228
LOS ANGELES, CALIFORNIA 90014
TELEPHONE: (213) 683-1908

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 523 West 6th Street, Suite 1228, Los Angeles, CA 90014-1218.

On the date set forth below, I served the foregoing document described as **COUNTER/CROSS-DEFENDANT DIMANO CORP.'S NOTICE OF MOTION AND MOTION TO DISQUALIFY GERARD FOX LAW, P.C. FROM REPRESENTING BOTH BRIAN RAUSCH AND HOUSE OF MOVES IN THIS LITIGATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRUCE A. BERMAN IN SUPPORT THEREOF** on the interested parties in this action as follows:

**Belinda M. Vega, Esq.**
**LAW OFFICES OF GERARD FOX, INC.**
**1880 Century Park East, Suite 1410**
**Los Angeles, CA 90067**
**bvega@foxtriallawyers.com**

[ ] **BY MAIL** I deposited such envelopes in the mail at Los Angeles, California. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

[ ] **BY FEDEX** I caused such envelopes to be served via FedEx. I am readily familiar with the firm's practice of collection and processing of correspondence for FedEx. Under that practice it would be deposited in a box or other facility regularly maintained by FedEx for next day delivery.

[ ] **BY FACSIMILE MACHINE**: The foregoing document was transmitted to the attached named person(s) by facsimile transmission from (213) 683-4882 on said date and the transmission was reported as complete and without error.

[ ] **BY ELECTRONIC TRANSMISSION**: A true and correct copy of the foregoing document(s) was/were transmitted to the electronic mail addressee(s) on the service list above. The document(s) was/were served electronically and the transmission was reported as competed without error.

[X] **BY CM/ECF ELECTORNIC SERVICE:** I caused such document(s) to be served upon all registered users via the Court's (NEF) electronic filing system,

[ ] **(STATE)** I declare under penalty of perjury that the foregoing is true and correct.

[X] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on August 23, 2016, at Los Angeles, California.

/s/
Angelica Horton